STATE OF INDIANA     )           IN THE HANCOCK _____
                 ) SS:
COUNTY OF HANCOCK   )        CAUSE NO. _____

|  |  |
|---|---|
| STEPHEN T. ADEBAYO, as Administrator of the ESTATE OF AROWOILE JOHNSON, DECEASED, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| PACAM TRANSPORT, LLC, and JOSE RUIZ, | ) ) |
| Defendants. | ) |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

### Party Classification:   Initiating

1.      The undersigned attorney and all attorneys listed on this form now appear in this case for the following party:

           Plaintiff Stephen T. Adebayo as Administrator of
           the Estate of Arowoile Johnson, deceased

2.      Applicable attorney information for service as required by Ind.Trial Rule 5(B)(2) and for case information as required by T.R. 3.1 and T.R. 77(B):

           Anthony W. Patterson, 17497-53
           John M. McLaughlin, 28678-06
           PARR RICHEY FRANDSEN
            PATTERSON KRUSE LLP
           225 West Main Street
           Post Office Box 668
           Lebanon, IN  46052
           Telephone:    (765) 482-0110
                       (317) 269-2509
           Facsimile:     (765) 483-3444
           Email: tpatterson@parrlaw.com
                  jmclauglin@parrlaw.com

3.      All parties are shown in the caption above.

7166066

4.      Case Type:      CT

5.      I **will not** accept service by fax.

6.      If this case involves support issues, social security numbers are:   N/A

7.      To my knowledge, there are no related cases.

8.      I hereby certify that the contact information listed for me on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date this Appearance has been filed with the Court in this matter.

9.      I hereby acknowledge that Orders, opinions, and notices, and all documents served under Indiana Trial Rule 86(G) will be sent to the attorney at the e-mail addresses on the Roll of Attorneys regardless of other contact information supplied by the attorney.

10.     I acknowledge that I am solely responsible for keeping my Indiana Roll of Attorneys contact information accurate per Indiana Admission Discipline Rule 2(A).

11.     Counsel is aware of no other information required by local rule.

12.     Appearing attorneys have reviewed and discussed the **Commitment to Respect and Civility** with their client and agree to aspire to its goals.

<div style="margin-left:40%">

Respectfully submitted,
PARR RICHEY FRANDSEN PATTERSON
KRUSE LLP
Attorneys for Plaintiff


By  /s/ *Anthony W. Patterson*
        Anthony W. Patterson, 17497-53


By  /s/ *John M. McLaughlin*
        John M. McLaughlin, 28678-06

</div>

7166066

STATE OF INDIANA  )   IN THE HANCOCK _____
         ) SS:
COUNTY OF HANCOCK )   CAUSE NO. _____

STEPHEN T. ADEBAYO, as Administrator   )
of the ESTATE OF AROWOILE JOHNSON,  )
DECEASED,            )
                )
    Plaintiff,         )
                )
  vs.              )
                )
PACAM TRANSPORT, LLC, and JOSE RUIZ,  )
                )
    Defendants.       )

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Stephen T. Adebayo, as the Administrator of the Estate of Arowoile Johnson, deceased, by counsel, in support of his Complaint for Damages against Defendants Pacam Transport, LLC and Jose Ruiz alleges and states the following:

1. Defendant, Pacam Transport, LLC (hereinafter "Defendant Pacam"), is and was at all times relevant hereto a for-profit corporation with its principal office address located in the State of Texas.

2. Defendant, Jose Ruiz (hereinafter "Defendant Ruiz"), is and was at all times relevant hereto a citizen and resident of the State of Texas.

3. Arowoile Johnson died on February 5, 2022, while domiciled in Marion County, Indiana.

4. At the time of his death, Arowoile Johnson, was married to Taye Johnson, and left two surviving minor dependent children.

5. On January 4, 2024, Stephen T. Adebayo was appointed Administrator of the

Estate of Arowoile Johnson, for the sole purpose of pursuing and collecting wrongful death

claims and damages related to the events and motor vehicle incident resulting in Arowoile

Johnson's death occurring on February 5, 2022.  Stephen T. Adebayo was appointed

administrator in this regard in the Marion Superior Court 8 Probate Division under Cause No.

49D08-2401-EU-000211.

## COUNT I – CLAIMS AGAINST DEFENDANT RUIZ

6.      Plaintiff incorporates Paragraphs 1 through 5 as if fully set forth herein.

7.      On February 5, 2022, Defendant Ruiz was operating a semi tractor-trailer

westbound on I-70 in Hancock County, Indiana.

8.      On that date, Arowoile Johnson was operating a motor vehicle westbound on I-70

in Hancock County, Indiana.

9.      On that date, Defendant Ruiz operated a semi tractor-trailer in a careless and

negligent manner.

10.     As a result of Defendant Ruiz's negligence, his semi tractor-trailer crashed into

the motor vehicle that Arowoile Johnson was operating.

11.     As a direct and proximate result of the collision caused by Defendant Ruiz's

negligence, Arowoile Johnson died on February 5, 2022.

12.     As a direct and proximate result of Defendant Ruiz's negligence and carelessness,

Plaintiff in this action suffered and incurred damages including, but not limited to the following:

  a.    the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;
  b.    the value of necessary and reasonable funeral and burial expenses for Arowoile Johnson;
  c.    the cost of administrating Arowoile Johnson's estate;
  d.    the loss of Arowoile Johnson's earning capacity and probable future earnings;
  e.    the loss of Arowoile Johnson's future support to and for his spouse, Taye

2

Johnson, and his two surviving minor children; and

 f. the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children

13. Defendant Ruiz is liable to Plaintiff in this cause of action for all damages recoverable under the law including all damages recoverable by Plaintiff under and pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et seq*., including, but not limited to the following:

 a. the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

 b. the value of necessary and reasonable funeral and burial expenses for Arowoile Johnson;

 c. the cost of administrating Arowoile Johnson's estate;

 d. the loss of Arowoile Johnson's earning capacity and probable future earnings;

 e. the loss of Arowoile Johnson's future support to and for his spouse, Taye Johnson and his two surviving minor children; and

 f. the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

 WHEREFORE, Plaintiff, Stephen T. Adebayo, as the Administrator of the Estate of Arowoile Johnson, deceased, by counsel, respectfully requests damages and relief in a judgment and verdict against Defendant, Jose Ruiz, in an amount sufficient to compensate Plaintiff for all injuries and damages that Plaintiff has incurred and is entitled to recover under Indiana law.

### COUNT II – CLAIMS AGAINST DEFENDANT PACAM TRANSPORT, LLC

14. Plaintiff incorporates Paragraphs 1 through 13 as if fully set forth herein.

15. At the time of the incident and events giving rise to this lawsuit, Defendant Ruiz was acting as an agent for and/or acting in the course and scope of his employment with Defendant Pacam.

16. As a direct and proximate result of Defendant Ruiz's agency and/or employment with Defendant Pacam, Defendant Pacam is liable to Plaintiff in this action for all damages caused by Defendant Ruiz's negligence and carelessness that Plaintiff is entitled to recover under

7164942

the law.

17.     Alternatively, if Defendant Ruiz is found to be an independent contractor of

Defendant Pacam, Defendant Pacam is liable to Plaintiff for its negligent hiring of

Defendant Ruiz by failing to exercise reasonable care to employ a competent and careful

contractor to operate a semi-tractor trailer.

18.     Defendant Pacam is liable to Plaintiff in this cause of action for all damages

Plaintiff is entitled to recover under the law, and that Plaintiff is entitled to recover under and

pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et seq.* including, but not limited to:

a.     the value of necessary and reasonable healthcare services provided in
connection with Arowoile Johnson's injuries causing his death;

b.     the value of necessary and reasonable funeral and burial expenses for
Arowoile Johnson;

c.     the cost of administrating Arowoile Johnson's estate;

d.     the loss of Arowoile Johnson's earning capacity and probable future
earnings;

e.     the loss of Arowoile Johnson's future support to and for his spouse, Taye
Johnson and his two surviving minor children; and

f.     the loss of Arowoile Johnson's love, care, and affection to and for Taye
Johnson and his two surviving minor children.

WHEREFORE, Plaintiff, Stephen T. Adebayo, as the Administrator of the Estate of

Arowoile Johnson, deceased, by counsel, respectfully requests damages and relief in a judgment

and verdict against Defendant, Pacam Service LLC, in this matter in an amount sufficient to

compensate Plaintiff for all injuries and damages suffered that Plaintiff is entitled to recover

under Indiana law.

Respectfully submitted,
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
Attorneys for Plaintiff

By  /s/ *Anthony W. Patterson*
Anthony W. Patterson, 17497-53

By  /s/  *John M. McLaughlin*
John M. McLaughlin, 28678-06

4

7164942

<u>REQUEST FOR JURY TRIAL</u>

Plaintiff, Stephen T. Adebayo as the Administrator of the Estate of Arowoile Johnson,

deceased, by counsel and pursuant to Ind. Trial Rule 38, hereby requests a trial by jury in this

cause.

Respectfully submitted,
PARR RICHEY FRANDSEN PATTERSON
   KRUSE LLP
Attorneys for Plaintiff

By  */s/ Anthony W. Patterson*
       Anthony W. Patterson, 17497-53

By  */s/ John M. McLaughlin*
       John M. McLaughlin, 28678-06

Anthony W. Patterson, 17497-53
John M. McLaughlin, 28678-06
PARR RICHEY FRANDSEN PATTERSON
  KRUSE LLP
225 West Main Street
Post Office Box 668
Lebanon, Indiana  46052
Telephone:  (765) 482-0110
            (317) 269-2509
Facsimile:  (765) 483-3444
E-mails:  tpatterson@parrlaw.com
       jmclaughlin@parrlaw.com

7164942

Case 1:24-cv-00325-RLY-MJD   Document 1-2   Filed 01/22/24   Page 8 of 46 PageID #: 16

30D01-2401-CT-000072

Filed: 1/15/2024 10:17 AM
Clerk
Hancock County, Indiana

Hancock Superior Court 1

STATE OF INDIANA      )            IN THE HANCOCK _____
                        ) SS:
COUNTY OF HANCOCK   )            CAUSE NO. _____

STEPHEN T. ADEBAYO, as Administrator      )
of the ESTATE OF AROWOILE JOHNSON,    )
DECEASED,                             )
                                   )
          Plaintiff,                )
                                   )
     vs.                            )
                                   )
PACAM TRANSPORT, LLC, and JOSE RUIZ,   )
                                 )
     Defendants.             )

# SUMMONS

THE STATE OF INDIANA TO DEFENDANT:     Pacam Transport, LLC
                                      c/o Pablo Castillo, Registered Agent
                                      1703 Cortez Drive
                                      Edinburg, TX  78542

You have been sued by the person(s) named "plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons.  It also states the demand which the plaintiff has made against you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the date after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:  * If my mail, stamped addressed envelope with return receipt attached to be prepared by attorney.

1/16/2024
Date ………………………………, 2024             **SERVICE BY CERTIFIED MAIL**

Anthony W. Patterson, 17479-53
John M. McLaughlin, 28678-06
          *Attorneys for Plaintiff*
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
225 West Main Street
P. O. Box 668
Lebanon, IN  46052
Telephone:      765-482-0110

…………………………………………………
Clerk of Hancock County, Indiana

HANCOCK COUNTY CLERK
SEAL
INDIANA

7166067

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1)      By delivering a copy of the Summons and a copy of the complaint to the defendant, …………………………………… ……………………………………………………………………………. on the ……… day of ………………………., 20……..

(2)      By leaving a copy of the Summons and a copy of the complaint at …………………………………………………… …………………………………………………………………. the dwelling place or usual place of abode of the said defendant, with a person of suitable age and discretion residing therein, namely ………………………………………………………………… …………………………………………………………………………………………………………………………………………

(3)      …………………………………………………………………………………………………………………

Sheriff's Fees: ……………………....        ……………………………………………………………......

                                            Sheriff of Hancock County, Indiana

Additional …………………………….         By:  …………………………………………………………

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ……….. day of ……………………………………….., 20……., I mailed a copy of this summons

and a copy of the complaint to the defendant, …………………………………………………………………………………….,

by ……………….. mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated ………………………….……, 20……….        ……………………………………………………………..

                                            Clerk of Hancock County, Indiana

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to

defendant ………………………………………………………………………. was accepted by the defendant on the …………….. day of

………………………………………, 20…………….

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was

returned not accepted on the …………….. day of ………………………………, 20……….

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to

defendant ……………………………………………………………………… was accepted by ……………………………………………

(Age) ……………… on behalf of said defendant on the ……………… day of ………………………………., 20…….

                                            …………………………………………………………………………

                                            Clerk of Hancock County, Indiana

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached thereto were received by me at …………………………………

……………………………………………………..., this ……………… day of …………………………….……………., 20……………

                                            ……………………………………………………………………

                                            *Signature of Defendant*

7166067

STATE OF INDIANA       )                IN THE HANCOCK _____

                         ) SS:

COUNTY OF HANCOCK    )             CAUSE NO. _____

STEPHEN T. ADEBAYO, as Administrator        )
of the ESTATE OF AROWOILE JOHNSON,       )
DECEASED,                                      )
                                               )
             Plaintiff,                      )
                                               )
     vs.                                      )
                                               )
PACAM TRANSPORT, LLC, and JOSE RUIZ,      )
                                               )
            Defendants.                  )

# SUMMONS

THE STATE OF INDIANA TO DEFENDANT:     Jose Ruiz
                                              4902 Battery Road
                                              Edinburg, TX  78539

You have been sued by the person(s) named "plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons.  It also states the demand which the plaintiff has made against you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the date after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:  * If my mail, stamped addressed envelope with return receipt attached to be prepared by attorney.

Date ……………………………, 2024             **SERVICE BY CERTIFIED MAIL**

1/16/2024

Anthony W. Patterson, 17479-53
John M. McLaughlin, 28678-06
         *Attorneys for Plaintiff*
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
225 West Main Street
P. O. Box 668
Lebanon, IN  46052
Telephone:      765-482-0110

......................................................................
Clerk of Hancock County, Indiana

HANCOCK COUNTY CLERK
SEAL
INDIANA

7166100

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1)      By delivering a copy of the Summons and a copy of the complaint to the defendant, ……………………………………
…………………………………………………………………………. on the ……… day of …………………………., 20……..

(2)      By leaving a copy of the Summons and a copy of the complaint at …………………………………………………………
……………………………………………………………………. the dwelling place or usual place of abode of the said defendant, with a
person of suitable age and discretion residing therein, namely ……………………………………………………………………………
……………………………………………………………………………………………………………………………………………

(3)      …………………………………………………………………………………………………………………………

Sheriff's Fees: ………………………..              ……………………………………………………………..

Additional …………………………….              Sheriff of Hancock County, Indiana

                                                By: ………………………………………………………………

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ……….. day of …………………………………………., 20………, I mailed a copy of this summons

and a copy of the complaint to the defendant, …………………………………………………………………………………………,

by ……………….. mail, requesting a return receipt, at the address furnished by the plaintiff.

…………………………………………………………………..

Dated ……………………………………., 20……….         Clerk of Hancock County, Indiana

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to

defendant ……………………………………………………………………………. was accepted by the defendant on the …………….. day of

………………………………………., 20……………

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was

returned not accepted on the …………….. day of …………………………………, 20……….

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to

defendant …………………………………………………………………… was accepted by ……………………………………………..

(Age) …………….. on behalf of said defendant on the ……………… day of …………………………………, 20…….

………………………………………………………………

Clerk of Hancock County, Indiana

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached thereto were received by me at …………………………………

…………………………………………………….., this ……………… day of …………………………………………., 20……………

………………………………………………………………

*Signature of Defendant*

STATE OF INDIANA ) IN THE HANCOCK SUPERIOR COURT I
) SS:
COUNTY OF HANCOCK ) CAUSE NO. 30D01-2401-CT-000072

STEPHEN T. ADEBAYO, as Administrator )
of the ESTATE OF AROWOILE JOHNSON, )
DECEASED, )
)
       Plaintiff, )
)
   vs. )
)
PACAM TRANSPORT, LLC, and JOSE RUIZ, )
)
      Defendants. )

## CERTIFICATE OF ISSUANCE OF SUMMONS

I certify that I have served a true and correct copy of the Complaint for Damages and

Summons on Defendant Pacam Transport, LLC via certified mail (7022 0410 0002 5342 9164),

return receipt requested, and Defendant Jose Ruiz via certified mail (7022 0410 0002 5342 9157),

return receipt requested on January 16, 2024.

Respectfully submitted,
PARR RICHEY FRANDSEN PATTERSON
 KRUSE LLP
Attorneys for Plaintiff

By  /s/ *Anthony W. Patterson*
      Anthony W. Patterson, 17497-53

Anthony W. Patterson, 17497-53
John M. McLaughlin, 28678-06
PARR RICHEY FRANDSEN
 PATTERSON KRUSE LLP
225 West Main Street
Post Office Box 668
Lebanon, Indiana  46052
Telephone: (765) 482-0110
         (317) 269-2509
Facsimile: (765) 483-3444
E-mail: tpatterson@parrlaw.com
      jmclaughlin@parrlaw.com

7166797

Lisa M. Lofgreen
Clerk of Hancock County
9 E. Main St.
Room 213
Greenfield, IN  46140



CERTIFIED MAIL

INDIANAPOLIS IN 460

16 JAN 2024 PM 4 L

7022 0410 0002 5342 9157

US POSTAGE IMI PITNEY BOWES

ZIP 46052
02 7H
0006075510

$ 008.53⁰

JAN 16 2024

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Jose Ruiz
4902 Battery Road
Edinburg, TX  78539

**FILED**
IN HANCOCK CIRCUIT COURT

JAN 24 2024

*Lisa M Lofgreen* CLERK

INT
7852048403 22



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. A

Jose Ruiz
4902 Battery Road
Edinburg, TX 78539

9590 9402 7968 2305 2955 27

2. Article Number (Transfer from service label)

7022 0410 0002 5342 9157

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...stricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

**30D01-2401-CT-000072**

Hancock Superior Court 1

Filed: 1/15/2024 10:17 AM
Clerk
Hancock County, Indiana

STATE OF INDIANA       )
                       ) SS:
COUNTY OF HANCOCK       )

IN THE HANCOCK _____

CAUSE NO. _____

STEPHEN T. ADEBAYO, as Administrator      )
of the ESTATE OF AROWOILE JOHNSON,        )
DECEASED,                                 )
                                          )
          Plaintiff,                      )
                                          )
    vs.                                   )
                                          )
PACAM TRANSPORT, LLC, and JOSE RUIZ,      )
                                          )
          Defendants.                     )

## SUMMONS

THE STATE OF INDIANA TO DEFENDANT:      Jose Ruiz
                                        4902 Battery Road
                                        Edinburg, TX  78539

You have been sued by the person(s) named "plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons.  It also states the demand which the plaintiff has made against you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the date after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated:  * If my mail, stamped addressed envelope with return receipt attached to be prepared by attorney.

Date ..................................., 2024       1/16/2024

**SERVICE BY CERTIFIED MAIL**

Anthony W. Patterson, 17479-53
John M. McLaughlin, 28678-06
*Attorneys for Plaintiff*
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
225 West Main Street
P. O. Box 668
Lebanon, IN  46052
Telephone:      765-482-0110



Clerk of Hancock County, Indiana

SEAL

7166100

**RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served the within summons:

(1)     By delivering a copy of the Summons and a copy of the complaint to the defendant, ............................................
................................................................................. on the ......... day of ..............................., 20.........

(2)     By leaving a copy of the Summons and a copy of the complaint at ...............................................................
............................................................... the dwelling place or usual place of abode of the said defendant, with a
person of suitable age and discretion residing therein, namely .......................................................................................
........................................................................................................................................................................
(3)     ........................................................................................................................................

Sheriff's Fees: ...........................

Additional ..................................

.............................................................
Sheriff of Hancock County, Indiana

By: ...........................................................

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the ........... day of .................................................., 20........, I mailed a copy of this summons

and a copy of the complaint to the defendant, ...................................................................................................,

by .................... mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated ........................................., 20..........

................................................................
Clerk of Hancock County, Indiana

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to

defendant ................................................................................. was accepted by the defendant on the ................. day of

................................................, 20................

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was

returned not accepted on the ................. day of ......................................, 20..........

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to

defendant ................................................................................. was accepted by ..................................................

(Age) ................... on behalf of said defendant on the ................. day of ................................................, 20.......

................................................................
Clerk of Hancock County, Indiana

**SERVICE ACKNOWLEDGED**

A copy of the within summons and a copy of the complaint attached thereto were received by me at .......................................
............................................................., this ................. day of .................................................., 20...............

................................................................
*Signature of Defendant*

7166100

**30D01-2401-CT-000072**

Filed: 1/15/2024 10:17 AM
Clerk
Hancock County, Indiana

Hancock Superior Court 1

STATE OF INDIANA       )            IN THE HANCOCK _____
                              ) SS:
COUNTY OF HANCOCK    )            CAUSE NO. _____

STEPHEN T. ADEBAYO, as Administrator      )
of the ESTATE OF AROWOILE JOHNSON,    )
DECEASED,                                  )
                                      )
              Plaintiff,                  )
                                      )
     vs.                                   )
                                      )
PACAM TRANSPORT, LLC, and JOSE RUIZ,    )
                                      )
           Defendants.               )

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Stephen T. Adebayo, as the Administrator of the Estate of Arowoile Johnson, deceased, by counsel, in support of his Complaint for Damages against Defendants Pacam Transport, LLC and Jose Ruiz alleges and states the following:

1.     Defendant, Pacam Transport, LLC (hereinafter "Defendant Pacam"), is and was at all times relevant hereto a for-profit corporation with its principal office address located in the State of Texas.

2.     Defendant, Jose Ruiz (hereinafter "Defendant Ruiz"), is and was at all times relevant hereto a citizen and resident of the State of Texas.

3.     Arowoile Johnson died on February 5, 2022, while domiciled in Marion County, Indiana.

4.     At the time of his death, Arowoile Johnson, was married to Taye Johnson, and left two surviving minor dependent children.

5.     On January 4, 2024, Stephen T. Adebayo was appointed Administrator of the

7164942

Estate of Arowoile Johnson, for the sole purpose of pursuing and collecting wrongful death claims and damages related to the events and motor vehicle incident resulting in Arowoile Johnson's death occurring on February 5, 2022.  Stephen T. Adebayo was appointed administrator in this regard in the Marion Superior Court 8 Probate Division under Cause No. 49D08-2401-EU-000211.

## COUNT I – CLAIMS AGAINST DEFENDANT RUIZ

6.  Plaintiff incorporates Paragraphs 1 through 5 as if fully set forth herein.

7.  On February 5, 2022, Defendant Ruiz was operating a semi tractor-trailer westbound on I-70 in Hancock County, Indiana.

8.  On that date, Arowoile Johnson was operating a motor vehicle westbound on I-70 in Hancock County, Indiana.

9.  On that date, Defendant Ruiz operated a semi tractor-trailer in a careless and negligent manner.

10.  As a result of Defendant Ruiz's negligence, his semi tractor-trailer crashed into the motor vehicle that Arowoile Johnson was operating.

11.  As a direct and proximate result of the collision caused by Defendant Ruiz's negligence, Arowoile Johnson died on February 5, 2022.

12.  As a direct and proximate result of Defendant Ruiz's negligence and carelessness, Plaintiff in this action suffered and incurred damages including, but not limited to the following:

    a.  the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

    b.  the value of necessary and reasonable funeral and burial expenses for Arowoile Johnson;

    c.  the cost of administrating Arowoile Johnson's estate;

    d.  the loss of Arowoile Johnson's earning capacity and probable future earnings;

    e.  the loss of Arowoile Johnson's future support to and for his spouse, Taye

2

Johnson, and his two surviving minor children; and

    f.    the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children

13.    Defendant Ruiz is liable to Plaintiff in this cause of action for all damages recoverable under the law including all damages recoverable by Plaintiff under and pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et seq.*, including, but not limited to the following:

    a.    the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

    b.    the value of necessary and reasonable funeral and burial expenses for Arowoile Johnson;

    c.    the cost of administrating Arowoile Johnson's estate;

    d.    the loss of Arowoile Johnson's earning capacity and probable future earnings;

    e.    the loss of Arowoile Johnson's future support to and for his spouse, Taye Johnson and his two surviving minor children; and

    f.    the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

WHEREFORE, Plaintiff, Stephen T. Adebayo, as the Administrator of the Estate of Arowoile Johnson, deceased, by counsel, respectfully requests damages and relief in a judgment and verdict against Defendant, Jose Ruiz, in an amount sufficient to compensate Plaintiff for all injuries and damages that Plaintiff has incurred and is entitled to recover under Indiana law.

## COUNT II – CLAIMS AGAINST DEFENDANT PACAM TRANSPORT, LLC

14.    Plaintiff incorporates Paragraphs 1 through 13 as if fully set forth herein.

15.    At the time of the incident and events giving rise to this lawsuit, Defendant Ruiz was acting as an agent for and/or acting in the course and scope of his employment with Defendant Pacam.

16.    As a direct and proximate result of Defendant Ruiz's agency and/or employment with Defendant Pacam, Defendant Pacam is liable to Plaintiff in this action for all damages caused by Defendant Ruiz's negligence and carelessness that Plaintiff is entitled to recover under

3

7164942

the law.

17.    Alternatively, if Defendant Ruiz is found to be an independent contractor of

Defendant Pacam, Defendant Pacam is liable to Plaintiff for its negligent hiring of

Defendant Ruiz by failing to exercise reasonable care to employ a competent and careful

contractor to operate a semi-tractor trailer.

18.    Defendant Pacam is liable to Plaintiff in this cause of action for all damages

Plaintiff is entitled to recover under the law, and that Plaintiff is entitled to recover under and

pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et seq.* including, but not limited to:

a.    the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;
b.    the value of necessary and reasonable funeral and burial expenses for Arowoile Johnson;
c.    the cost of administrating Arowoile Johnson's estate;
d.    the loss of Arowoile Johnson's earning capacity and probable future earnings;
e.    the loss of Arowoile Johnson's future support to and for his spouse, Taye Johnson and his two surviving minor children; and
f.    the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

WHEREFORE, Plaintiff, Stephen T. Adebayo, as the Administrator of the Estate of

Arowoile Johnson, deceased, by counsel, respectfully requests damages and relief in a judgment

and verdict against Defendant, Pacam Service LLC, in this matter in an amount sufficient to

compensate Plaintiff for all injuries and damages suffered that Plaintiff is entitled to recover

under Indiana law.

Respectfully submitted,
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
Attorneys for Plaintiff

By  /s/ *Anthony W. Patterson*
    Anthony W. Patterson, 17497-53

By  /s/  *John M. McLaughlin*
    John M. McLaughlin, 28678-06

4

7164942

<u>REQUEST FOR JURY TRIAL</u>

Plaintiff, Stephen T. Adebayo as the Administrator of the Estate of Arowoile Johnson, deceased, by counsel and pursuant to Ind. Trial Rule 38, hereby requests a trial by jury in this cause.

Respectfully submitted,
PARR RICHEY FRANDSEN PATTERSON
   KRUSE LLP
Attorneys for Plaintiff


By *  /s/ Anthony W. Patterson*
      Anthony W. Patterson, 17497-53


By *  /s/ John M. McLaughlin*
      John M. McLaughlin, 28678-06


Anthony W. Patterson, 17497-53
John M. McLaughlin, 28678-06
PARR RICHEY FRANDSEN PATTERSON
  KRUSE LLP
225 West Main Street
Post Office Box 668
Lebanon, Indiana 46052
Telephone: (765) 482-0110
          (317) 269-2509
Facsimile: (765) 483-3444
E-mails:  tpatterson@parrlaw.com
         jmclaughlin@parrlaw.com

5

7164942

JAN 31 2024

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Pacam Transport, LLC
c/o Pablo Castillo, Registered Agent
1703 Cortez Drive
Edinburg, TX  78542

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                             ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

PABLO CASTILLO

Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:        ☐ No



9590 9402 7968 2305 2955 10

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ___ il
☐ ___ il Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict
   Delivery
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

2. Article Number (Transfer from service label)

7022 0410 0002 5342 9164

PS Form 3811 July 2020 PSN 7530-02-000-9053

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

JAN312024

9590 9402 7968 2305 2955 10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lisa M. Lofgreen
Clerk of Hancock County
9 E. Main St.
Room 213
Greenfield, IN 46140

30001-2401-CT-000072

Filed: 2/9/2024 10:14 AM
Clerk
Hancock County, Indiana

STATE OF INDIANA ) IN THE HANCOCK SUPERIOR COURT I
) SS:
COUNTY OF HANCOCK ) CAUSE NO. 30D01-2401-CT-000072

STEPHEN T. ADEBAYO, as Administrator )
of the ESTATE OF AROWOILE JOHNSON, )
DECEASED, )
)
           Plaintiff, )
)
    vs. )
)
PACAM TRANSPORT, LLC, and JOSE RUIZ, )
)
         Defendants. )

## CERTIFICATE OF ISSUANCE OF SUMMONS

I certify that I have served a true and correct copy of the Complaint for Personal Injury

Damages and Summons on Defendant Jose Ruiz via independent process server, on February 7,

2024, as evidenced by the Affidavit of Service attached hereto as Exhibit "A."

          Respectfully submitted,
          PARR RICHEY FRANDSEN PATTERSON
           KRUSE LLP
        Attorneys for Plaintiff

        By  /s/ *Anthony W. Patterson*
           Anthony W. Patterson, 17497-53

Anthony W. Patterson, 17497-53
John M. McLaughlin, 28678-06
PARR RICHEY FRANDSEN PATTERSON
  KRUSE LLP
225 West Main Street
Post Office Box 668
Lebanon, Indiana  46052
Telephone:  (765) 482-0110
           (317) 269-2509
Facsimile:  (765) 483-3444
E-mail:    tpatterson@parrlaw.com
        jmclaughlin@parrlaw.com

7179453

## AFFIDAVIT OF SERVICE

| Case:<br>30D01-2401-CT-000072 | Court:<br>In the Hancock County Superior Court 1 | County:<br>Hancock, IN | Job:<br>10376907 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>STEPHEN T. ADEBAYO, as Administrator of the ESTATE OF<br>AROWOILE JOHNSON, DECEASED, | | **Defendant / Respondent:**<br>PACAM TRANSPORT, LLC, and JOSE RUIZ | |
| **Received by:**<br>Evolution Process Service | | **For:**<br>Clinton Investigations LLP | |
| **To be served upon:**<br>Jose Ruiz | | | |

I, Victor Valdez Jr., being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Jose Ruiz, 2217 Moonlight Lane Apt 1, Edinburg, TX 78541

**Manner of Service:**   Personal/Individual, Feb 7, 2024, 6:45 pm CST

**Documents:**   Complaint (Received Feb 6, 2024 at 9:16pm EST), Summons (Received Feb 6, 2024 at 9:16pm EST)

**Additional Comments:**

1) Unsuccessful Attempt: Feb 7, 2024, 6:26 pm CST at 4902 Battey Road, Edinburg, TX 78539
I spoke to the homeowner who said Jose doesn't live here. He gave me his wife's phone number 956-529-2360.

2) Successful Attempt: Feb 7, 2024, 6:45 pm CST at 2217 Moonlight Lane Apt 1, Edinburg, TX 78541 received by Jose Ruiz. Age: 55-60; Ethnicity: Hispanic; Gender: Male; Weight: Hvy set; Height: 5'10"; Other: Grey t shirt, black shorts;
Made contact with a gentleman who I asked if he was Jose Ruiz and he said yes. I gave him the documents.

I affirm under penalties for perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Victor Valdez Jr.          2/7/24
                           Date

11871

Evolution Process Service
6018 N. Keystone Ave.
Indianapolis, IN 46220
(317) 362-0316

EXHIBIT "A"

STATE OF INDIANA           IN HANCOCK SUPERIOR COURT NO. 1

COUNTY OF HANCOCK       CAUSE NO.: 30D01-2401-CT-000072

STEPHEN T. ADEBAYO, as Administrator of
the ESTATE OF AROWOILE JOHNSON,
DECEASED,

      Plaintiff,

v.

PACAM TRANSPORT, LLC and JOSE RUIZ,

      Defendants.

## E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

1.      The party on whose behalf this form is being filed is:  Responding

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

### PACAM TRANSPORT, LLC AND JOSE RUIZ

2.      Attorney information for service as required by Trial Rule 5(B)(2):

Deborah A. Kapitan         Atty Number:  16078-45
KOPKA PINKUS DOLIN PC    Telephone: (219) 794-1888
9801 Connecticut Drive       Facsimile: (219) 794-1892
Crown Point, IN  46307      Email: DAKapitan@kopkalaw.com

Justin G. Wyss            Atty Number:  35415-49
KOPKA PINKUS DOLIN PC    Telephone: (317) 818-1360
11711 N. Meridian St.        Facsimile: (317) 818-1390
Suite 350                 Email: JGWyss@kopkalaw.com
Carmel, IN 46032

**IMPORTANT**:  Each attorney specified on this appearance:

(a)      certifies that the contact information listed for him/her on the Indiana Supreme
          Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.     This is a civil tort case type as defined in administrative Rule 8(B)(3)

4.     I will accept service by:
       Fax at the above noted number:  NO
       Email at the above noted address:  YES

5.     This case involves child support issues:  NO

6.     This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  NO

7.     This case involves a petition for involuntary commitment:  NO

8.     Are there related cases:  NO

9.     Additional information required by local rule:  NONE

10.    Are there other party members:  NO

11.    This form has been served on all other parties and Certificate of Service is attached: YES


Respectfully submitted,

KOPKA PINKUS DOLIN PC


By:    _/s/ Deborah A. Kapitan_____
       Deborah A. Kapitan (#16078-45)
       Justin G. Wyss (#35415-49)
       *Attorneys for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of February, 2024, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Anthony W. Patterson
John M. McLaughlin
PARR RICHEY FRANDSEN
PATTERSON KRUSE LLP
225 West Main Street
PO Box 668
Lebanon, IN 46052
tpatterson@parrlaw.com
jmclauglin@parrlaw.com


*/s/ Deborah A. Kapitan*_____


KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN  46307
Tel:    (219) 794-1888
Fax:    (219) 794-1892
Email: DAKapitan@kopkalaw.com

Filed: 2/30/2024 8:04 AM
Clerk
Hancock County, Indiana

STATE OF INDIANA         IN THE HANCOCK SUPERIOR COURT NO. 1

COUNTY OF HANCOCK       CAUSE NO.: 30D01-2401-CT-000072

STEPHEN T. ADEBAYO, as Administrator of
the ESTATE OF AROWOILE JOHNSON,
DECEASED,

      Plaintiff,

v.

PACAM TRANSPORT, LLC and JOSE RUIZ,

      Defendants.

## DEFENDANT JOSE RUIZ'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant Jose Ruiz, by counsel, Deborah A. Kapitan and Justin G. Wyss of Kopka Pinkus Dolin, P.C., and for his answer to the Plaintiff's Complaint, states as follows:

1. Defendant, Pacam Transport, LLC (hereinafter "Defendant Pacam"), is and was at all times relevant hereto a for-profit corporation with its principal office address located in the State of Texas.

**ANSWER:**

**Defendant Ruiz admits the statements in paragraph 1 of the Complaint.**

2. Defendant, Jose Ruiz (hereinafter "Defendant Ruiz"), is and was at all times relevant hereto a citizen and resident of the State of Texas.

**ANSWER:**

**Defendant Ruiz admits the statements in paragraph 2 of the Complaint.**

3.     Arowoile Johnson died on February 5, 2022, while in domicile in Marion County Indiana.

**ANSWER:**

**Admit in part and deny in part. Defendant Ruiz admits only that Arowoile Johnson died on February 5, 2022. Defendant Ruiz lacks sufficient information to admit or deny the remaining statements in paragraph 3 of the Complaint, and therefore denies the same.**

4.     At the time of his death, Arowoile Johnson, was married to Taye Johnson, and left two surviving minor dependent children.

**ANSWER:**

**Defendant Ruiz lacks sufficient information to admit or deny the remaining statements in paragraph 4 of the Complaint, and therefore denies the same.**

5.     On January 4, 2024, Stephen T. Adebayo was appointed Administrator of the Estate of Arowoile Johnson, for the sole purpose of pursuing and collecting wrongful death claims and damages related to the events and motor vehicle incident resulting in Arowoile Johnson's death occurring on February 5, 2022. Stephen T. Adebayo was appointed administrator in this regard in the Marion Superior Court 8 Probate Division under Cause No. 49D08-2401-EU-000211.

**ANSWER:**

**Defendant Ruiz lacks sufficient information to admit or deny the remaining statements in paragraph 5 of the Complaint, and therefore denies the same.**

## COUNT I – CLAIMS AGAINST DEFENDANT RUIZ

6.     Defendants incorporates Paragraph 1 through 5 as if fully set forth herein.

**ANSWER:**

**Defendant Ruiz reincorporates all prior paragraphs as if fully set forth herein.**

7.      On February 5, 2022, Defendant Ruiz was operating a semi tractor-trailer westbound on I-70 in Hancock County, Indiana.

**ANSWER:**

**Defendant Ruiz admits the statements in paragraph 7 of the Complaint.**

8.      On that date, Arowoile Johnson was operating a motor vehicle westbound in I-70 in Hancock County, Indiana.

**ANSWER:**

**Defendant Ruiz admits the statements in paragraph 8 of the Complaint.**

9.      On that date, Defendant Ruiz operated a semi tractor-trailer in a careless and negligent manner.

**ANSWER:**

**Defendant Ruiz denies the statements in paragraph 9 of the Complaint.**

10.     As a result of Defendant Ruiz's negligence, his semi tractor-trailer crashed into the motor vehicle that Arowoile Johnson was operating.

**ANSWER:**

**Defendant Ruiz denies the statements in paragraph 10 of the Complaint.**

11.     As a direct and proximate result of the collision caused by Defendant Ruiz's negligence, Arowoile Johnson died on February 5, 2022.

**ANSWER:**

**Defendant Ruiz denies the statements in paragraph 11 of the Complaint.**

12.     As a direct and proximate result of Defendant Ruiz's negligence and carelessness, Plaintiff in this action suffered and incurred damages including, but not limited to the following:

      a.     the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson injuries causing death;

      b.     the value of necessary and reasonable funeral and burial expenses for Arowoile Johson;

      c.     the cost of administrating Arowoile Johnson's estate;

      d.     the loss of Arowoile Johnson's earning capacity and probable future earnings;

      e.     the loss of Arowoile Johnson's future support to and for his spouse, Taye Johnson, and his two surviving minor children; and

      f.     the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

**<u>ANSWER:</u>**

**Defendant Ruiz denies the statements in paragraph 12 of the Complaint.**

13.     Defendant Ruiz is liable to Plaintiff in this cause of action for all damages recoverable under the law including all damages recoverable by Plaintiff under and pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et. seq.,* including, but not limited to the following:

      a.     the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

      b.     the value if necessary and reasonable funeral and burial expenses for Arowoile Johnson;

      c.     the cost of administrating Arowoile Johnson's estate;

    d.    the loss of Arowoile Johnson's earning capacity and probable future earnings;

    e.    the loss of Arowoile Johnson's future support to his spouse, Taye Johnson and his to surviving minor children; and

    f.    the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

**ANSWER:**

**Defendant Ruiz denies the statements in paragraph 13 of the Complaint.**


**COUNT II – CLAIMS AGAINST DEFENDANT PACAM TRANSPORT, LLC**

14.    Defendant incorporates Paragraphs 1 through 13 as if fully set forth herein.

**ANSWER:**

**Defendant Ruiz reincorporates all prior paragraphs as if fully set forth herein.**


15.    At the time of the incident and events giving rise to this lawsuit, Defendant Ruiz was acting as an agent for and/or acting in the course and scope of his employment with Defendant Pacam.

**ANSWER:**

**This Count is not directed to Defendant Ruiz and therefore no response is required. To the extent any response is deemed necessary, Defendant Ruiz admits only that he was an employee of Defendant Pacam at the time of the accident. Defendant Ruiz lacks sufficient information to admit or deny the remaining statements in paragraph 15 of the Complaint, and therefore denies the same.**


16.    As a direct and proximate result of Defendant Ruiz's agency and/or employment with Defendant Pacam, Defendant Pacam is liable to Plaintiff in this action for all damages

caused by Defendant Ruiz's negligence and carelessness that Plaintiff is entitles to recover under the law.

**ANSWER:**

**This Count is not directed to Defendant Ruiz and therefore no response is required. To the extent any response is deemed necessary, Defendant Ruiz denies the statements in paragraph 16 of the Complaint.**

17.    Alternatively, if Defendant Ruiz is found to be an independent contractor of Defendant Pacam, Defendant Pacam is liable to Plaintiff for its negligent hiring of Defendant Ruiz by failing to exercise reasonable care to employ a competent and careful contractor to operate a semi-tractor trailer.

**ANSWER:**

**This Count is not directed to Defendant Ruiz and therefore no response is required. To the extent any response is deemed necessary, Defendant Ruiz denies the statements in paragraph 17 of the Complaint.**

18.    Defendant Pacam is liable to Plaintiff in this cause of action for all damages Plaintiff is entitled to recover under the law, and that Plaintiff is entitled to recover under and pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et. seq.,* including, but not limited to the following:

      a.    the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

      b.    the value if necessary and reasonable funeral and burial expenses for Arowoile Johnson;

      c.    the cost of administrating Arowoile Johnson's estate;

    d.      the loss of Arowoile Johnson's earning capacity and probable future earnings;

    e.      the loss of Arowoile Johnson's future support to his spouse, Taye Johnson and his to surviving minor children; and

    f.      the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

**<u>ANSWER</u>:**

**This Count is not directed to Defendant Ruiz and therefore no response is required. To the extent any response is deemed necessary, Defendant Ruiz lacks sufficient information to admit or deny the statements in paragraph 18 of the Complaint, and therefore denies the same.**

## <u>AFFIRMATIVE DEFENSES</u>

1. The Complaint fails to state a claim upon which relief may be granted.

2. Defendant Ruiz encountered a sudden emergency, which he did not cause, and responded reasonably.

3. Plaintiff's claimed injuries and damages may have resulted from the decedent's own negligence, or through the negligence of other parties or currently unknown non-parties. Defendant asserts the right to seek judgment in its favor, or a proportional reduction of the judgment, under the Indiana Comparative Fault Act. Defendant further reserves the right to identify non-parties for purposes of fault allocation as such individuals/entities become known through discovery.

4. The decedent's fault may be greater than 50% of the fault of those against whom fault can be assessed, and Plaintiff may, therefore, be barred from recovery.

5.  The decedent failed to exercise due care for his own safety.

6.  The decedent knowingly and voluntarily assumed and/or incurred the risk of injury to himself.

7.  Plaintiff and/or the decedent may have failed to mitigate their damages.

8.  Plaintiff and/or the decedent may have received, or may in the future receive, compensation, payments, and/or other types of contribution for her alleged injuries and damages. Any award of damages assessed against Defendant should be diminished or reduced by the amount of compensation received or to be received by the Plaintiff from other sources.

9.  The Defendant is entitled to a set-off and reduction in any medical expense claimed by the Plaintiffs herein to the extent that any such medical bills have been discounted, reduced, or written off under <u>Stanley v. Walker</u>, 906 N.E.2d 852 (Ind. 2009).

WHEREFORE, Defendant Jose Ruiz, by counsel, respectfully prays that Plaintiff take nothing by way of the Complaint for Damages, and for all other just and appropriate relief in the premises, including costs in this action.

## **JURY DEMAND**

Defendant, Jose Ruiz, by counsel, and pursuant to Trial Rule 38 requests that all matters raised herein be tried by jury.

Respectfully submitted,

KOPKA PINKUS DOLIN PC

By: ___/s/ Deborah A. Kapitan_____
     Deborah A. Kapitan (#16078-45)
     Justin G. Wyss (#35415-49)
     *Attorney for Defendants*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 20th day of February, 2024, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Anthony W. Patterson
John M. McLaughlin
PARR RICHEY FRANDSEN
PATTERSON KRUSE LLP
225 West Main Street
PO Box 668
Lebanon, IN 46052
tpatterson@parrlaw.com
jmclauglin@parrlaw.com

     */s/ Deborah A. Kapitan*_____

KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN  46307
Tel:    (219) 794-1888
Fax:    (219) 794-1892
Email: DAKapitan@kopkalaw.com

STATE OF INDIANA                          IN THE HANCOCK SUPERIOR COURT NO. 1

COUNTY OF HANCOCK                         CAUSE NO.: 30D01-2401-CT-000072

STEPHEN T. ADEBAYO, as Administrator of
the ESTATE OF AROWOILE JOHNSON,
DECEASED,

     Plaintiff,

v.

PACAM TRANSPORT, LLC and JOSE RUIZ,

     Defendants.

## **DEFENDANT PACAM TRANSPORT, LLC  ANSWER TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Pacam Transport, LLC, by counsel, Deborah A. Kapitan and Justin G. Wyss of Kopka Pinkus Dolin, P.C., and for its Answer to the Plaintiff's Complaint states as follows:

1.     Defendant, Pacam Transport, LLC (hereinafter "Defendant Pacam"), is and was at all times relevant hereto a for-profit corporation with its principal office address located in the State of Texas.

     **ANSWER:**

     **Defendant Pacam admits the statements in paragraph 1 of the Complaint.**

2.     Defendant, Jose Ruiz (hereinafter "Defendant Ruiz"), is and was at all times relevant hereto a citizen and resident of the State of Texas.

     **ANSWER:**

     **Defendant Pacam admits the statements in paragraph 2 of the Complaint.**

3.      Arowoile Johnson died on February 5, 2022, while in domicile in Marion County Indiana.

**ANSWER:**

**Admit in part and deny in part. Defendant Pacam admits only that Arowoile Johnson died on February 5, 2022. Defendant Pacam lacks sufficient information to admit or deny the remaining statements in paragraph 3 of the Complaint, and therefore denies the same.**

4.      At the time of his death, Arowoile Johnson, was married to Taye Johnson, and left two surviving minor dependent children.

**ANSWER:**

**Defendant Pacam lacks sufficient information to admit or deny the remaining statements in paragraph 4 of the Complaint, and therefore denies the same.**

5.      On January 4, 2024, Stephen T. Adebayo was appointed Administrator of the Estate of Arowoile Johnson, for the sole purpose of pursuing and collecting wrongful death claims and damages related to the events and motor vehicle incident resulting in Arowoile Johnson's death occurring on February 5, 2022. Stephen T. Adebayo was appointed administrator in this regard in the Marion Superior Court 8 Probate Division under Cause No. 49D08-2401-EU-000211.

**ANSWER:**

**Defendant Pacam lacks sufficient information to admit or deny the remaining statements in paragraph 5 of the Complaint, and therefore denies the same.**

**COUNT I – CLAIMS AGAINST DEFENDANT RUIZ**

6.      Plaintiff incorporates Paragraph 1 through 5 as if fully set forth herein.

**ANSWER:**

**Defendant Pacam reincorporates all prior paragraphs as if fully set forth herein.**

7.      On February 5, 2022, Defendant Ruiz was operating a semi tractor-trailer westbound

on I-70 in Hancock County, Indiana.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is required. To the extent any response is deemed necessary, Defendant Pacam lacks sufficient information to admit or deny the statements in paragraph 7 of the Complaint, and therefore denies the same.**

8.      On that date, Arowoile Johnson was operating a motor vehicle westbound in I-70

in Hancock County, Indiana.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is required. To the extent any response is deemed necessary, Defendant Pacam admits the statements in paragraph 8 of the Complaint.**

9.      On that date, Defendant Ruiz operated a semi tractor-trailer in a careless and

negligent manner.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is required. To the extent any response is deemed necessary, Defendant Pacam denies the statements in paragraph 9 of the Complaint.**

10.     As a result of Defendant Ruiz's negligence, his semi tractor-trailer crashed into the

motor vehicle that Arowoile Johnson was operating.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is required. To the extent any response is deemed necessary, Defendant Pacam denies the statements in paragraph 10 of the Complaint.**

11.     As a direct and proximate result of the collision caused by Defendant Ruiz's

negligence, Arowoile Johnson died on February 5, 2022.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is
required. To the extent any response is deemed necessary, Defendant Pacam
denies the statements in paragraph 11 of the Complaint.**

12.     As a direct and proximate result of Defendant Ruiz's negligence and carelessness,

Plaintiff in this action suffered and incurred damages including, but not limited to the following:

    a.     the value of necessary and reasonable healthcare services provided in
connection with Arowoile Johnson injuries causing death;

    b.     the value of necessary and reasonable funeral and burial expenses for
Arowoile Johson;

    c.     the cost of administrating Arowoile Johnson's estate;

    d.     the loss of Arowoile Johnson's earning capacity and probable future
earnings;

    e.     the loss of Arowoile Johnson's future support to and for his spouse, Taye
Johnson, and his two surviving minor children; and

    f.     the loss of Arowoile Johnson's love, care, and affection to and for Taye
Johnson and his two surviving minor children.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is
required. To the extent any response is deemed necessary, Defendant Pacam
denies the statements in paragraph 12 of the Complaint.**

13.     Defendant Ruiz is liable to Plaintiff in this cause of action for all damages recoverable under the law including all damages recoverable by Plaintiff under and pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et. seq.,* including, but not limited to the following:

a.      the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

b.      the value if necessary and reasonable funeral and burial expenses for Arowoile Johnson;

c.      the cost of administrating Arowoile Johnson's estate;

d.      the loss of Arowoile Johnson's earning capacity and probable future earnings;

e.      the loss of Arowoile Johnson's future support to his spouse, Taye Johnson and his to surviving minor children; and

f.      the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

**ANSWER:**

**This Count is not directed to Defendant Pacam and therefore no response is required. To the extent any response is deemed necessary, Defendant Pacam denies the statements in paragraph 13 of the Complaint.**

**COUNT II – CLAIMS AGAINST DEFENDANT PACAM TRANSPORT, LLC**

14.     Plaintiff incorporates Paragraphs 1 through 13 as if fully set forth herein.

**ANSWER:**
**Defendant Pacam reincorporates all prior paragraphs as if fully set forth herein.**

15.     At the time of the incident and events giving rise to this lawsuit, Defendant Ruiz was acting as an agent for and/or acting in the course and scope of his employment with Defendant Pacam.

**ANSWER:**

**Defendant Pacam admits the statements in paragraph 15 of the Complaint.**

16.     As a direct and proximate result of Defendant Ruiz's agency and/or employment with Defendant Pacam, Defendant Pacam is liable to Plaintiff in this action for all damages caused by Defendant Ruiz's negligence and carelessness that Plaintiff is entitles to recover under the law.

**ANSWER:**

**Defendant Pacam denies the statements in paragraph 16 of the Complaint.**

17.     Alternatively, if Defendant Ruiz is found to be an independent contractor of Defendant Pacam, Defendant Pacam is liable to Plaintiff for its negligent hiring of Defendant Ruiz by failing to exercise reasonable care to employ a competent and careful contractor to operate a semi-tractor trailer.

**ANSWER:**

**Defendant Pacam denies the statements in paragraph 17 of the Complaint.**

18.     Defendant Pacam is liable to Plaintiff in this cause of action for all damages Plaintiff is entitled to recover under the law, and that Plaintiff is entitled to recover under and pursuant to Ind. Code § 34-23-1-1 and Ind. Code § 34-51-4 *et. seq.,* including, but not limited to the following:

a.    the value of necessary and reasonable healthcare services provided in connection with Arowoile Johnson's injuries causing his death;

b.    the value if necessary and reasonable funeral and burial expenses for Arowoile Johnson;

c.    the cost of administrating Arowoile Johnson's estate;

d.    the loss of Arowoile Johnson's earning capacity and probable future earnings;

e.    the loss of Arowoile Johnson's future support to his spouse, Taye Johnson and his to surviving minor children; and

f.    the loss of Arowoile Johnson's love, care, and affection to and for Taye Johnson and his two surviving minor children.

**<u>ANSWER:</u>**

**Defendant Pacam denies the statements in paragraph 18 of the Complaint.**


**<u>AFFIRMATIVE DEFENSES</u>**

1.  The Complaint fails to state a claim upon which relief may be granted.

2.  Defendant Ruiz encountered a sudden emergency, which he did not cause, and responded reasonably.

3.  Plaintiff's claimed injuries and damages may have resulted from the decedent's own negligence, or through the negligence of other parties or currently unknown non-parties. Defendant asserts the right to seek judgment in its favor, or a proportional reduction of the judgment, under the Indiana Comparative Fault Act.

Defendant further reserves the right to identify non-parties for purposes of fault allocation as such individuals/entities become known through discovery.

4. The decedent's fault may be greater than 50% of the fault of those against whom fault can be assessed, and Plaintiff may, therefore, be barred from recovery.

5. The decedent failed to exercise due care for his own safety.

6. The decedent knowingly and voluntarily assumed and/or incurred the risk of injury to himself.

7. Plaintiff and/or the decedent may have failed to mitigate their damages.

8. Plaintiff and/or the decedent may have received, or may in the future receive, compensation, payments, and/or other types of contribution for her alleged injuries and damages. Any award of damages assessed against Defendant should be diminished or reduced by the amount of compensation received or to be received by the Plaintiff from other sources.

9. The Defendant is entitled to a set-off and reduction in any medical expense claimed by the Plaintiffs herein to the extent that any such medical bills have been discounted, reduced, or written off under Stanley v. Walker, 906 N.E.2d 852 (Ind. 2009).

WHEREFORE, Defendant Pacam Transport, LLC, by counsel, respectfully prays that Plaintiff take nothing by way of the Complaint for Damages, and for all other just and appropriate relief in the premises including costs in this action.

## JURY DEMAND

Defendant, Pacam Transport, LLC, by counsel, and pursuant to Trial Rule 38 requests that all matters raised herein be tried by jury.


Respectfully submitted,

KOPKA PINKUS DOLIN PC


By:   */s/ Deborah A. Kapitan*
        Deborah A. Kapitan (#16078-45)
        Justin G. Wyss (#35415-49)
        *Attorney for Defendants*


CERTIFICATE OF SERVICE


I hereby certify that on the 20th day of February, 2024, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Anthony W. Patterson
John M. McLaughlin
PARR RICHEY FRANDSEN
PATTERSON KRUSE LLP
225 West Main Street
PO Box 668
Lebanon, IN 46052
tpatterson@parrlaw.com
jmclauglin@parrlaw.com


        */s/ Deborah A. Kapitan*


KOPKA PINKUS DOLIN PC
9801 Connecticut Drive
Crown Point, IN  46307
Tel:    (219) 794-1888
Fax:    (219) 794-1892
Email: DAKapitan@kopkalaw.com